IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

VASILY LYUBEZHANIN,

        Plaintiff,                    No. CIV S-09-1415 KJM

    vs.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

        Defendant.              ORDER
_____/

        Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying an application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("Act"). For the reasons discussed below, the court will deny plaintiff's motion for summary judgment, deny the Commissioner's cross-motion for summary judgment, and remand this matter under sentence four of 42 U.S.C. § 405(g).

/////

/////

/////

/////

/////

1

I. <u>Factual and Procedural Background</u>

In a decision dated December 16, 2008, the ALJ determined plaintiff was not disabled.[1] The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review. The ALJ found plaintiff has not engaged in substantial gainful activity since June 29, 2006, the application date; plaintiff has medically determinable impairments of mild degenerative disc disease of the lumbar spine, history of gastritis, possible acute knee sprain, possible acute ankle sprain, vertigo, possible seizure disorder, osteopenia and hypertension but these impairments have not significantly limited the ability to perform basic work-related activities for twelve consecutive months; and plaintiff is not

---

[1] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. § 401 et seq. Supplemental Security Income ("SSI") is paid to disabled persons with low income. 42 U.S.C. § 1382 et seq. Under both provisions, disability is defined, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A). A five-step sequential evaluation governs eligibility for benefits. See 20 C.F.R. §§ 423(d)(1)(a), 416.920 & 416.971-76; <u>Bowen v. Yuckert</u>, 482 U.S. 137, 140-42 (1987). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

<u>Lester v. Chater</u>, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. <u>Bowen</u>, 482 U.S. at 146 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. <u>Id</u>.

1 disabled.  Administrative Transcript ("AT") 15-22.  Plaintiff contends the ALJ committed error
2 in finding plaintiff does not have a severe impairment at step two of the sequential analysis.
3 II. Standard of Review
4         The court reviews the Commissioner's decision to determine whether (1) it is
5 based on proper legal standards under 42 U.S.C. § 405(g), and (2) substantial evidence in the
6 record as a whole supports it.  Copeland v. Bowen, 861 F.2d 536, 538 (9th Cir. 1988) (citing
7 Desrosiers v. Secretary of Health and Human Services, 846 F.2d 573, 575-76 (9th Cir. 1988)).
8 Substantial evidence means more than a mere scintilla of evidence, but less than a
9 preponderance.  Saelee v. Chater, 94 F.3d 520, 521 (9th Cir. 1996) (citing Sorenson v.
10 Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975)).  "It means such relevant evidence as a
11 reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402
12 U.S. 389, 402, 91 S. Ct. 1420 (1971) (quoting Consolidated Edison Co. v. N.L.R.B., 305 U.S.
13 197, 229, 59 S. Ct. 206 (1938)).  The record as a whole must be considered, Howard v. Heckler,
14 782 F.2d 1484, 1487 (9th Cir. 1986), and both the evidence that supports and the evidence that
15 detracts from the ALJ's conclusion weighed.  See Jones v. Heckler, 760 F.2d 993, 995 (9th Cir.
16 1985).  The court may not affirm the ALJ's decision simply by isolating a specific quantum of
17 supporting evidence.  Id.; see also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989).  If
18 substantial evidence supports the administrative findings, or if there is conflicting evidence
19 supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive, see
20 Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an
21 improper legal standard was applied in weighing the evidence, see Burkhart v. Bowen, 856 F.2d
22 1335, 1338 (9th Cir. 1988).
23 III. Analysis
24         Plaintiff contends the ALJ improperly assessed the severity of his impairments
25 and committed error by ending the sequential analysis at step two.  An impairment is not severe
26 if it is merely "a slight abnormality (or combination of slight abnormalities) that has no more

1 than a minimal effect on the ability to do basic work activities." SSR 96-3(p).  Basic work
2 activities include physical functions such as walking, standing, sitting, lifting, pushing, pulling,
3 reaching, carrying, or handling.  See 20 C.F.R. § 416.921(b).  The purpose of step two is to
4 identify claimants whose medical impairment is so slight that it is unlikely they would be
5 disabled even if age, education, and experience were taken into account.  Bowen v. Yuckert, 482
6 U.S. 137, 107 S. Ct. 2287 (1987).  "The step-two inquiry is a de minimis screening device to
7 dispose of groundless claims."  Smolen v. Chater 80 F.3d 1273, 1290 (9th Cir. 1996); see also
8 Edlund v. Massanari, 253 F.3d 1152, 1158 (9th Cir. 2001).  Impairments must be considered in
9 combination in assessing severity.  20 C.F.R. § 404.1523.  In reviewing a finding of nonseverity
10 at step two, the court must determine whether the ALJ had substantial evidence to find that the
11 medical evidence clearly established plaintiff did not have a medically severe impairment or
12 combination of impairments.  See Webb v. Barnhart, 433 F.3d 683, 687 (9th 2005); see also
13 Yuckert v. Bowen, 841 F.2d 303, 306 (9th Cir. 1988) (narrow construction of step two); SSR 85-
14 28 (if ALJ is unable to determine clearly the effect of impairment on individual's ability to do
15 basic work activities, sequential evaluation should not end with step two); cf. Ukolov v.
16 Barnhart, 420 F.3d 1002 (9th Cir. 2005) (step two nonseverity finding upheld where no medical
17 opinion included finding of impairment or diagnosis and no objective clinical findings in medical
18 record).

19         As noted, the ALJ found plaintiff has medically determinable impairments of mild
20 degenerative disc disease of the lumbar spine, history of gastritis, possible acute knee sprain,
21 possible acute ankle sprain, vertigo, possible seizure disorder, osteopenia and hypertension but
22 these impairments have not significantly limited the ability to perform basic work-related
23 activities for twelve consecutive months, thus concluding plaintiff has no severe impairment.
24 AT 16.  In making this finding, the ALJ rejected the opinions of two treating physicians and a
25 consultative examiner regarding plaintiff's abilities to perform basic work activities.  In a
26 residual functional capacity questionnaire dated January 4, 2008, plaintiff's treating physician Dr.

Polskiy found plaintiff was limited to less than one hour each for walking, standing and sitting. AT 192.  His lifting was limited to ten to twenty pounds occasionally, climbing stairs or ladders was totally restricted and bending was also restricted.  AT 193.  Another treating physician, Dr. Rafanov, opined on October 7, 2008 that plaintiff was limited to one to two hours each for walking, standing and sitting and that his lifting was limited to less than five pounds.  AT 202. Dr. Rafanov also assessed a partial restriction in climbing stairs or ladders as well as a bending restriction.  AT 203.  After examining plaintiff on May 24, 2007, consultative examiner Dr. O'Brien opined plaintiff should be able to stand and walk two hours and sit for six hours in an eight hour day, with stooping, crouching, kneeling and climbing limited to two hours and lifting and carrying limited to 25 pounds occasionally.  AT 129.  Although the extent of the limitations assessed by these treating and examining physicians vary, each of them found plaintiff was significantly limited in the ability to perform basic work activities.

        The ALJ gave no significant weight to any doctor's opinion.  AT 18-20.  With respect to Dr. O'Brien's opinion, the ALJ rejected Dr. O'Brien's functional limitations as internally inconsistent with the objective medical findings on examination of plaintiff.  AT 18. In light of Dr. O'Brien's findings of abnormal values for the range of motion for elbows, hips and knees, the ALJ's rejection at step two of the sequential analysis of Dr. O'Brien's opinion that plaintiff was limited in basic work activities cannot be sustained.  AT 126.  Moreover, the ALJ's conclusion that Dr. O'Brien's assessed limitations were attributed to plaintiff's age, rather than to a significant impairment, is not supported by the record.  AT 18.  Dr. O'Brien specifically noted that the assessed limitations were based on the objective findings from the physical exam. AT 128.  The reference to "limited by age" is ambiguous and susceptible to several interpretations.[2]  AT 129.  Because the ALJ's interpretation of Dr. O'Brien's ambiguous

---

[2] It appears to the court that the modifier "limited by age" is equally susceptible to an interpretation that plaintiff could presently perform with the assessed limitations, but that these limitations might increase with age.  Alternatively, the modifier might mean that in conjunction

5

language is a lynchpin of the ALJ's analysis, the ALJ had a heightened duty to query the examiner as to the meaning of the "limited by age" phrase in the doctor's report. See Tonapetyan v. Halter, 242 F.3d 1144, 1150 (9th Cir. 2001) (ambiguous evidence triggers ALJ's duty to conduct appropriate inquiry); see also Social Security Ruling[3] 03-3p (ALJ must be alert to investigating impairments commonly associated with aging process and must consider all signs or symptoms indicative of impairment including impairments caused by degenerative changes associated with the aging process).

As to the treating physicians, the ALJ rejected their opinions on the ground that the conclusions of these physicians were not supported by medically acceptable and laboratory diagnostic techniques. AT 19-20. The record, however, contains several abnormal findings related to the spine, lungs, vertigo/seizure disorder, osteopenia, knee and foot, all of which involve the medically determinable impairments found by the ALJ. AT 151 (marginal osteophytes on lower lumbar levels), 167 (atelectasis and/or pleural parenchymal scarring in left upper lung field; some underlying obstructive airway disease), 171 (abnormal tracking test and torsion swing test, possible central nervous system involvement), 197 (degenerative arthritic changes in right knee evident on x-ray examination), 199 (osteopenia), 205-206 (small disc bulging at L3-4, L4-5, L5-S1, most prominent at L4-5 with annulus tear, mild central stenosis at L3-4 and L4-5), 208 (abnormal electrodiagnostic study with predominant damage to peroneal portion with possibility of lumbar radiculopathy). Given these numerous abnormal findings
/////

---

with the objective findings evidencing physical impairment, plaintiff's age was an additional factor considered by the examiner.

[3] Social Security Rulings "represent precedent final opinions and orders and statements of policy and interpretations that we have adopted." 20 C.F.R. § 402.35(b)(1). Social Security Rulings are "binding on all components of the Social Security Administration." Heckler v. Edwards, 465 U.S. 870, 873 n.3 (1984); cf. Silveira v. Apfel, 204 F.3d 1257, 1260 (9th Cir. 2000) ("This court defer[s] to Social Security Rulings ... unless they are plainly erroneous or inconsistent with the Act or regulations").

1  related to several impairments, the ALJ committed error in rejecting the treating physicians'
2  opinion that plaintiff was significantly limited in the ability to perform basic work activities.
3        The ALJ lacked substantial evidence to find that the medical evidence clearly
4  established plaintiff's lack of a medically severe impairment or combination of impairments.  A
5  finding of severe impairment under step two, however, does not mean that plaintiff is entitled to
6  disability benefits.  The matter will therefore be remanded so that the sequential analysis can be
7  continued.
8        For the foregoing reasons, this matter will be remanded under sentence four of 42
9  U.S.C. § 405(g) for further development of the record and further findings addressing the
10 deficiencies noted above.
11       Accordingly, IT IS HEREBY ORDERED that:
12       1. Plaintiff's motion for summary judgment is denied;
13       2. The Commissioner's cross-motion for summary judgment is denied; and
14       3. This matter is remanded for further proceedings consistent with this order.
15 DATED:  September 30, 2010.

_____
U.S. MAGISTRATE JUDGE

006
lyubezhanin.ss