BENJAMIN B. WAGNER
United States Attorney
LUCILLE GONZALES MEIS
Regional Chief Counsel, Region IX
Social Security Administration
DANIEL P. TALBERT
Special Assistant United States Attorney
    333 Market Street, Suite 1500
    San Francisco, California 94105
    Telephone:  (415) 977-8926
    Facsimile:  (415) 744-0134
    E-Mail: Daniel.Talbert@ssa.gov

Attorneys for Defendant

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
SACRAMENTO DIVISION

| | |
|---|---|
| VASILY LYUBEZHANIN, ) <br>     Plaintiff, ) <br> ) <br> V. ) <br> ) <br> MICHAEL J. ASTRUE, ) <br> Commissioner of Social Security, ) <br>     Defendant. ) <br> _____ ) | Case No. 2:09-CV-01415-KJM <br><br> STIPULATION AND ORDER FOR THE AWARD OF ATTORNEY FEES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT, 28 U.S.C. § 2412(d) |

    IT IS HEREBY STIPULATED by and between the parties through their undersigned counsel, subject to the approval of the Court, that the previously filed Equal Access to Justice Act (EAJA) application is hereby withdrawn.

    IT IS HEREBY STIPULATED by and between the parties through their undersigned counsel, subject to the approval of the Court, that Plaintiff be awarded attorney fees under the EAJA in the amount of ONE THOUSAND SEVEN HUNDRED TWENTY-FIVE dollars and 0 cents ($1,725.00).  This amount represents compensation for all legal services rendered on behalf of Plaintiff, to date, by counsel in connection with this civil action, in accordance with 28 U.S.C. § 2412.

Stip. & Order for EAJA                                          1

After the Court issues an order for EAJA fees to Plaintiff, the government will consider the matter of Plaintiff's assignment of EAJA fees to Plaintiff's attorney. Pursuant to <u>Astrue v. Ratliff</u>, 130 S.Ct.2521 (2010), the ability to honor the assignment will depend on whether the fees are subject to any offset allowed under the United States Department of the Treasury's Offset Program. After the order for EAJA fees is entered, the government will determine whether they are subject to any offset.

Fees shall be made payable to Plaintiff, but if the Department of the Treasury determines that Plaintiff does not owe a federal debt, then the government shall cause the payment of fees, expenses and costs to be made directly to Jesse S. Kaplan, pursuant to the assignment executed by Plaintiff. Any payments made shall be delivered to Plaintiff's counsel.

This stipulation constitutes a compromise settlement of Plaintiff's request for EAJA attorney fees, and does not constitute an admission of liability on the part of Defendant under the EAJA. Payment of the agreed amount shall constitute a complete release from, and bar to, any and all claims that Plaintiff and/or Plaintiff's counsel may have relating to EAJA attorney fees in connection with this action.

This award is without prejudice to the rights of Plaintiff's counsel to seek Social Security Act attorney fees under 42 U.S.C. § 406, subject to the provisions of the EAJA.

1   Respectfully submitted November 5, 2010.

                                    Respectfully submitted,

Dated: November 5, 2010             */s/ Jesse S. Kaplan*
                                    (As authorized via email)
                                    JESSE S. KAPLAN
                                    Attorney for Plaintiff


                                    BENJAMIN B. WAGNER
                                    United States Attorney

Date: November 5, 2010              By *s/ Daniel P. Talbert*
                                    DANIEL P. TALBERT
                                    Special Assistant U. S. Attorney

                                    Attorneys for Defendant Michael J. Astrue


                                    <u>ORDER</u>

APPROVED AND SO ORDERED.

DATED: November 9, 2010.

                                    _____
                                    U.S. MAGISTRATE JUDGE

Stip. & Order for EAJA                         3